AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

MIGUEL CERVANTES

Case No. 17CR1257-JLS

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 65) and after considering the applicable factors provided in 18 U.S.C. § 3553(a),

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

The Court finds that Defendant has failed to establish an extraordinary and compelling basis for relief under Section 3582(c)(1)(A)(i).  Defendant is 28 years old and clearly suffers from serious medical concerns, the majority of which were present and considered by the Court at the time of sentencing.  Although Defendant has not been placed a medical facility as recommended by the Court, it appears that he is receiving adequate medical care.  Defendant disputes this, and provides a declaration indicating that has never seen an endocrinologist or neurologist and has not received treatment for frequent seizures.  Defendant also submits a declaration from a neuropsychologist opining that Defendant is not receiving the medical care he needs because he is not being provided with an endocrinologist, necessary lab studies, or a neurologist or neuropsychologist.  ECF No. 84 at 9.  This doctor also indicates that incarceration during a

pandemic is detrimental to Defendant's cognitive and emotional rehabilitation, but does not identify any particular condition as placing him at significant risk of serious complications from COVID-19.

The Government points out that Defendant's medical records do not support Defendant's inadequate seizure treatment claims and do not reflect any complaints by Defendant to medical staff regarding seizures or headaches during 2020. In February 2021, when Defendant did report that he was suffering seizures again, tests and a neurological consultation were ordered. ECF No. 88 at 37.

Although it is clear that Defendant has serious medical concerns, a factor evident at the time of sentencing, the Court is not persuaded that Defendant's current medical condition places him at increased risk of severe consequences from COVID-19. Defendant's seizure disorder and neurological condition do not appear to contribute to his risk of complications from COVID-19 and his asthma and mental health conditions appear to be fairly well controlled. Defendant has already recovered from one bout with the virus, and he believes he may have been infected a second time since then. ECF No. 89 at 3. While he still suffers headaches, shortness of breath, and fatigue, Defendant has not been hospitalized or suffered the extreme effects of COVID-19. Moreover, Defendant has received at least one dose of the Moderna COVID-19 vaccine, and, as vaccinations are becoming more readily available, it appears that the institutional risk factor associated with the virus' transmission is not nearly as significant as it was earlier in the pandemic.[1] For these reasons, the Court is not persuaded that Defendant has established extraordinary and compelling reasons to warrant a sentence reduction.

---

[1] FCI Lompoc is presently reporting 0 active inmate cases, and 0 active staff cases. Federal Bureau of Prisons, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (last accessed April 14, 2021).

Furthermore, the Court is not persuaded that a sentence reduction is warranted under the applicable factors provided in 18 U.S.C. § 3553(a).  Defendant has served approximately 44 months of his 135-month sentence.  While the Court does not necessarily dispute Defendant's claim that he would receive better medical care and mental health treatment if he were released, the Court cannot ignore the seriousness of the offense or the harm caused by Defendant to the victim and her family.  The Court is not persuaded that early release is consistent with the goals of the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to protect of the public from further crimes of the defendant, or the need to avoid sentence disparities under 18 U.S.C. § 3553(a).

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated:  April 16, 2021

Hon. Janis L. Sammartino
United States District Judge